UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FRANCISCO MILLAN,

                Petitioner,

v.

ICE FIELD OFFICE DIRECTOR,

                Respondent.

Case No. C13-120-RSL-BAT

**REPORT AND RECOMMENDATION**

On January 22, 2013, petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the lawfulness of his detention and seeking either supervised release or a bond hearing. Dkt. No. 4. After the habeas petition was filed, however, petitioner was released from immigration custody pursuant to an Order of Supervision. Dkt. No. 12, Exh. B. Because petitioner has been released from immigration custody, his habeas petition has become moot and should be **DISMISSED**.

Under 28 U.S.C. § 2241, a writ of habeas corpus "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The "in custody" requirement is satisfied at the time the petition is filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). To maintain a habeas claim, a petitioner must continue to have a personal stake in the outcome of the suit throughout "all stages of federal judicial

REPORT AND RECOMMENDATION- 1

proceedings." *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001). At any stage of the proceedings, a petition may become moot "because it no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer*, 523 U.S. at 7. "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, however, there must be some remaining collateral consequences that may be redressed by success on the petition." *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007) (citing *Spencer*, 523 U.S. at 7).

Here, the relief sought in the habeas petition is no longer available and there are no collateral consequences that may be redressed. *See id*. ("[W]here the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody."). The habeas petition, therefore, has become moot and should be dismissed. *See id.*; *see also Cooney v. Edwards*, 971 F.2d 345, 346 (9th Cir. 1992) (holding that the District Court properly dismissed plaintiff's claims that had become either moot or unripe).

For the foregoing reasons, the Court recommends that this action be **DISMISSED** with prejudice as moot. A proposed order accompanies this Report and Recommendation.

Any objections to this Recommendation must be filed and served upon all parties no later than **July 9, 2013.** If no objections are filed, the matter will be ready for the Court's consideration on **July 12, 2013**. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and responses

///

///

///

REPORT AND RECOMMENDATION- 2

1 | shall not exceed five (5) pages.  The failure to timely object may affect the right to appeal.

2 |       DATED this 25th day of June, 2013.

                                                BRIAN A. TSUCHIDA
                                                United States Magistrate Judge

REPORT AND RECOMMENDATION- 3